# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHARON J.**[1], <br><br>       Plaintiff, <br><br>    v. <br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, <br><br>       Defendant. | Case No. 3:18-cv-01699-JR <br><br> **OPINION AND ORDER** |

Kevin Kerr, Schneider Kerr & Robichaux, P.O. Box 14490, Portland, OR 97293. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Alexis L. Toma, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge.**

      Plaintiff Sharon J.[1] appeals the Commissioner of the Social Security Administration's

("Commissioner" or "Defendant") denial of her application for Supplemental Security Income

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

under Title XVI of the Social Security Act. On October 10, 2019, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R"), ECF 11, recommending that the Commissioner's judgment should be affirmed and that this action should be dismissed.

Plaintiff timely filed objections to the F&R. ECF 13. Defendant filed a response to those objections. ECF 14. This Court has reviewed de novo the portions of the F&R to which Plaintiff objected. For the following reasons, this Court adopts Judge Russo's F&R with the following explanation and AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff makes two objections to the F&R based on the Administrative Law Judge's ("ALJ") discounting of certain medical opinion evidence. First, Plaintiff contends that the ALJ committed harmful error in his treatment of mental health opinion evidence,[2] and specifically in

---

[2] In her objections, Plaintiff states that Judge Russo "appears to concede" that the ALJ erred by finding mental health non-severe based on a lack of treatment. ECF 13 at 1. In her F&R,

PAGE 2 – OPINION AND ORDER

disregarding Dr. Poppleton's opinion. Dr. Poppleton's report included the narrative statement that Plaintiff "has problem[s] inter-personally." AR 265. Plaintiff contends that the step-five jobs of usher, counter clerk and sandwich board carrier identified by the vocational expert in this case involve dealing with people which would "create obvious potential problems" given Dr. Poppleton's opinion. ECR 13 at 2. However, Dr. Poppleton's opinion included no concrete functional limitations. *See* AR 265. Dr. Fligstein, the state agency psychological consultant, translated Dr. Poppleton's narrative opinion into concrete functional limitations and opined that Plaintiff had no social interaction limitations and had the concentration, persistence and pace adequate for simple routine tasks and semiskilled work. AR 75.

As Judge Russo correctly concluded, even if the mental health doctors' opinions were fully credited, performing the unskilled tasks contemplated in the Dictionary of Occupational Titles for the jobs of usher, counter clerk and sandwich board carrier is compatible with their opinions. ECR 11 at 7; *see Davenport v. Colvin,* No. 6:12-cv-00451-CL, 2013 WL 4083580, at *7–8 (D. Or. Aug. 8, 2013) (holding that requirement to perform simple, repetitive tasks can be sufficient to accommodate a claimant's moderate limitations in attention, concentration, and social abilities). As such, any error the ALJ made in discounting the opinions of Dr. Poppleton and Dr. Fligstein is harmless.

Second, Plaintiff objects to Judge Russo's finding that the ALJ did not err in rejecting Dr. Engelhardt's medical opinion regarding manipulative limitations. ECR 13 at 2. Plaintiff contends that the ALJ impermissibly discounted this portion of Dr. Engelhardt's opinion based on the opinion of a non-examining state agency consultant, Dr. St. Louis, who expressed that the

---

however, Judge Russo makes no such determination and instead reaches the dispositive issue in the case: whether the ALJ erred at step five. *See* ECR 11 at 3 n.2.

PAGE 3 – OPINION AND ORDER

manipulative limitations in Dr. Engelhardt's exam were "not supported by objective exam findings." *Id.*; *see* AR 25. Plaintiff notes that Dr. St. Louis never treated or examined Plaintiff and did nothing more than reinterpret Dr. Engelhardt's examination. ECF 13 at 3.

Plaintiff's objection fails, however, because a treating physician's opinion may be rejected in favor of a non-treating physician's opinion based on the same clinical findings if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989); *see Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir. 1993) (applying test where ALJ relied on contrary opinion of nonexamining medical advisor). The ALJ met this standard when he summarized in a detailed and thorough fashion the facts negating Plaintiff's evidence of her alleged carpal tunnel, ultimately finding that Plaintiff's alleged carpal tunnel did not constitute a medically determinable impairment. AR 18, 25. This Court thus concludes that there was substantial evidence supporting the ALJ's decision to reject the manipulative limitations portion of Dr. Engelhardt's opinion and agrees with Judge Russo that the ALJ did not err in discounting it. Accordingly, this Court adopts the conclusion presented in Judge Russo's F&R and affirms the Commissioner's decision.

## CONCLUSION

This Court has reviewed de novo the portions of Magistrate Judge Russo's F&R to which Plaintiff objected. This Court AFFIRMS the Commissioner's decision and this case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 16th day of January, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – OPINION AND ORDER